IN THE MATTER OF OWEN MULLIN.

[No· 373S38. Filed January 8, 1974.]

*Richard M. Orr,* of Indianapolis, for respondent.

*John B. Ramming,* of Indianapolis, for Indiana Supreme Court Disciplinary Commission.

ARTERBURN, C.J.—This proceeding was instituted by a "Verified Complaint For Disciplinary Action" filed March 6, 1973, against Owen M. Mullin. The Honorable George P. Tolen was appointed Hearing Officer and heard the issues involved. On July 25, 1973, he filed his Findings of Fact and Recommendations which are as follows:

FINDINGS OF FACT AND RECOMMENDATIONS
OF HEARING OFFICER

The undersigned, heretofore appointed by this Court as Hearing Officer and Judge in the above entitled cause under

the provisions of Admission and Discipline Rule Number 23 of this Court, respectfully reports to this Court as follows:

The Disciplinary Commission filed a verified complaint against the respondent in this Court on March 6, 1973. The undersigned was appointed as Hearing Officer and Judge on March 6, 1973 and filed his oath and assumed jurisdiction thereafter. The respondent was served the summons and a copy of the verified complaint and filed his return to the complaint on April 4, 1973.

This matter was set for hearing on June 22, 1973, hearing was held and evidence heard.

Thereafter, one Jean Plew, Special Reporter under appointment of the Hearing Officer, transcribed the hearing and submitted the same accompanied by her certificate to the undersigned, who certified the same and files said transcript as a part of the record.

Thereafter, both the Disciplinary Commission of this Court and the respondent filed briefs.

The verified complaint contains one specification that the respondent was convicted of the offense of failure to file an income tax return for the year 1967 by the United States District Court for the Southern District of Indiana, thus violating the oath of attorneys. Canon 32 of the Canons of Professional Ethics of the American Bar Association and corresponding Disciplinary Rule 1-102(A) (3, 4, 5 and 6) of the Code of Professional Responsibilities for Attorneys at Law, and Canon 29 of the Canons of Professional Ethics of the American Bar Association and corresponding Disciplinary Rule 1-102(A) (5 and 6) of the Code of Professional Responsibilities.

The verified complaint further states that the respondent failed to file Federal Income Tax Return for the calendar year 1968 and is thus guilty of professional misconduct in the same particulars as above specified.

The return to the complaint admits the allegations of

failure to file the tax returns as indicated, but denies the violating of the Canons of Professional Ethics and of the Code of Professional Responsibilities for attorneys at law as specified.

The facts are as follows:

(1) Owen M. Mullin was admitted to the Bar of the State of Indiana on November 27, 1950, at which time he took and subscribed to the oath of admission.

(2) On June 2, 1972, an Information in two Counts was filed in the United States District Court for the Southern District of Indiana against this respondent charging him of the criminal offenses of failure to file U. S. Income Tax Returns for the calendar years of 1967 and 1968.

(3) Thereafter and on the 24th day of July, 1972, the respondent entered a plea of guilty of failure to file tax returns and was adjudged by the Court to be guilty; was fined in the sum of One Thousand Dollars ($1,000.00), plus costs; and was sentenced to imprisonment for a period of one year, thirty days of which was served and the balance of which was suspended.

(4) The stipulation of facts further contains numerous letters from the Bench and Bar in the nature of testimonials to the professional and personal character of the respondent.

The evidence consisted of testimony of several other members of the Bench and Bar as well as that of the respondent himself.

The stipulation and the evidence reveal that the respondent has been eminently successful in his chosen field of the practice of criminal law.

The professional and personal reputation of the respondent for honesty, integrity and dedication to the affairs of his clients is beyond reproach.

The evidence further reveals that at the time of the incidents from which this action arose, the respondent was involved in complicated appeal litigation, had serious family

difficulties of a medical nature, and had further extended himself unduly in political activities.

The evidence indicates that the judgment of the Southern District Court and the determination of the Internal Revenue Service was that the failure to file as charged was due to negligence and under circumstances *not* amounting to fraud. (Emphasis supplied.)

The evidence further reveals that the respondent has been deeply moved by his failure to file and that he has made public apologies to his associates and to the various professional organizations to which he belongs for any reflection that his conduct may have had upon them.

The Hearing Officer makes no finding upon the issues raised by the Brief of the respondent with regard to the legality of the application of the Code of Responsibility for Attorneys at Law to the respondent in this matter by virtue of its retrospective application in this instance, believing that the determination of that issue is beyond the scope of the Hearing Officer's authority.

In view of all of the above, it is the recommendation that the respondent be given a public reprimand and a public reprimand only for the following reasons:

(1) The respondent has served thirty days incarceration for his negligent act of omission.

(2) The respondent has been fined and paid a fine of One Thousand Dollars ($1,000.00) and costs for his negligent act of omission.

(3) The respondent has suffered genuine remorse and humiliation by virtue of his negligence, both before the Southern District Court and before this Commission.

(4) The respondent's long and highly commendable record of practice in the State of Indiana and his attendant reputation is worthy of serious consideration.

(5) The Hearing Officer would have recommended a private reprimand, except that the prominence of the respondent and

the notoriety naturally following these proceedings require the Court to take public action.

> Respectfully submitted,
> GEORGE R. TOLEN
> George R. Tolen
> Hearing Officer and Judge

Dated this 25th day of July, 1973.

On August 23, 1973, the Disciplinary Commission, pursuant to Section 15(a) of Rule AD. 23, filed a "Petition For Review and Request For Suspension" in which the Commission requested a thirty (30) day suspension as the appropriate disciplinary action, which petition is sustained.

And now the Court being duly advised in the premises accepts the Findings of Fact of the Hearing Officer and sustains the petition of the Disciplinary Commission that the Respondent be suspended for a period of thirty (30) days. And it is ordered and adjudged that the Respondent be and he hereby is suspended from the practice of law for a period of thirty (30) days commencing on the 1st day of February, 1974, and that he pay the costs herein.

DeBruler, J., and Givan, J., concur; Hunter, J., and Prentice, J., voted to publicly reprimand.

NOTE.—Reported in 305 N. E. 2d 779.